UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KEREN SITA,                                  )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )      Case No. 2:26-cv-00177-cr
                                             )
STATE OF VERMONT, et al.,                    )
                                             )
            Defendants.                      )

**ENTRY ORDER
DENYING WITHOUT PREJUDICE
APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 1)

Plaintiff Keren Sita, a Vermont resident representing herself, seeks to bring an action challenging her alleged unlawful detention, involuntary psychiatric confinement, and forced medical treatment. On May 26, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"), or without paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.)

**I.      Conclusions of Law and Analysis.**

**A.      28 U.S.C. § 1915(e)(2)(A) Review.**

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Thus, when a plaintiff seeks leave to proceed IFP, the court must determine whether she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id*. It is not necessary for a litigant to show that she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. DuPont de Nemours & Co.,*

335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive her of the "necessities of life." *Id.* (internal quotation marks omitted); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or for[]going the necessities of life.").

Plaintiff submitted a financial affidavit in support of her IFP application. She states that she has been unemployed since January 15, 2025. She fails to list how much money she was making when she was employed. She avers that she has not received any money from any source over the past twelve months, that she has no cash and no money in a checking or savings account, and that she owns no assets of value. She does not list her monthly expenses.

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP. "When an applicant fails to explain how [s]he supports [her]self, courts generally regard h[er] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Bryne v. Delta Airline, Inc.*, 2025 WL 3034998, at *1 (D. Vt. Oct. 30, 2025) (citation modified) (alterations in original); *see also Amanda M. v. Kijakazi*, 2022 WL 1395941, at *1-2 (D. Conn. Apr. 29, 2022) (denying an IFP application lacking "any information on how [Plaintiff] supports himself" as incomplete "[b]ecause no one can live on no income and no assets"). Because the court cannot discern from Plaintiff's filing that she meets the requirements of 28 U.S.C. § 1915(a)(1), her application for leave to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, and having conducted the review required under 28 U.S.C. § 1915(e)(2)(A), Plaintiff's application to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

Plaintiff may pay the filing fee of $405.00 or refile her application with an affidavit demonstrating her inability to pay the filing fee. Should Plaintiff fail to pay the filing fee or to refile a complete IFP application within thirty days of this Order, this case shall be dismissed without prejudice.

The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of July, 2026.

/s/ *Christina Reiss*

_____

Christina Reiss, Chief Judge
United States District Court